## M'Cumber *against* T. and E. Goodrich.

In an action before a justice under the *ten pound act,* every *demand* arising on con- *tract* may be set off.

The return to the *certiorari* in this case, stated, that the plaintiffs, in the suit before the justice, declared against the present plaintiff in error, on a written agreement, dated the 18th February, 1804, by which he promised to frame and put up for them a house of certain dimensions, on or before the first day of June following. The plaintiffs, on their part, engaged to furnish the materials on the spot where the frame was to be erected, and in consideration of the performance of the promise of M'Cumber, they stipulated to pay to him the sum of seventy dollars, in wheat and cattle, on the first day of November ensuing. There was an averment that the defendant did not put up the frame, &c.

The defendant requested an adjournment of the cause, which was granted by the justice, and on the day fixed the parties appeared, when the plaintiffs demanded a trial by jury, and a *venire* was issued. The jury were summoned, impannelled and sworn, on the same day, and sat together to

hear the allegations and proofs of the parties. The defendant then *pleaded*, that the plaintiffs ought not to have or maintain their action against him, because he had before that time commenced an action against the plaintiffs before another justice, in the investigation of which the same question then before the jury, had been made before the other justice, and that the damages claimed by the plaintiffs, ought to have been set off by them in the former suit. The plaintiffs *replied*, that their demand was not exhibited before the other justice, and that being for uncertain damages, it could not have been set off in that action. The justice, after hearing the parties and their evidence, decided, that the plaintiffs ought not to be barred by *means of the premises*, on which, further evidence was introduced. The *same pleas* were again stated and argued before the jury, who found a verdict for the plaintiffs for the damages demanded.

*Simonds*, for the plaintiff in error, contended that the judgment below ought to be reversed, for the following reasons : 1. That the declaration does not contain an averment of the performance of the condition precedent. 2. That the justice adjourned the cause before issue was joined. 3. That the justice issued a *venire* before any issue was joined. 4. That the justice overruled the plea of a former trial and recovery ; and, 5. That he afterwards suffered the same pleas to go to the jury.

To show the necessity of averring the performance of a precedent condition, he cited *Doug.* 684. *Wm. Blackstone*, 630. *Espinasse's Digest* 304.

*Kirkland*, contra.

KENT, C. J. delivered the opinion of the court. Several objections were raised to the validity of the proceedings below, but it will be sufficient to notice one that goes to the *merits* of the case. The defendant plead a former suit by him against the plaintiffs in bar, and they replied, that their demand being for uncertain damages, could not be set off in the former suit, and the justice overruled the plea. The existence of the former suit was not put in issue, but admitted by the replication, which also admitted that the

ALBANY,
Feb. 1806.

M'Cumber.
v.
T. & E. Good-
rich.

demand for which the present suit was brought, had not been pleaded or set off in the former suit. The simple point, therefore, is, whether it ought not to have been set off. The ninth section of the ten pound act states, that the defendant may plead or set off his account or demand against the plaintiff, and that if he neglects or refuses so to do, he shall forever thereafter be precluded from any action to recover the same. The words here are very broad. It is his account or *demand* that is to be set off. In England, unliquidated damages cannot be set off, for the set-off statutes speak only of *mutual debts*. Our statute receives a similar construction, for it applies only to persons *dealing together and indebted* to each other. But I think the act in question requires a more extensive construction, and that the word *demand* here must apply, at least, to all matters arising upon contract. The act is very imperative, and intended to prevent cross suits, and a course of petty and vexatious litigation, in respect to demands within the jurisdiction of a justice. It is not necessary, at present, to say whether the word *demand* in the act, will reach to *every matter* within the cognizance of a justice, nor do I mean to be understood to that extent. But as to demands arising upon contract, I am of opinion, they ought to be pleaded or set off, and consequently, that the justice determined erroneously in this case. The return states, that the same pleas were afterwards introduced and argued before the jury, but we are here to understand that the pleadings still included the same admissions of the parties, and that the fact of the existence of the former suit, and of the omission to set off, was not controverted. The jury, therefore, by their verdict, confirmed the erroneous decision of the justice, and for this cause, I think the judgment below ought to be reversed.

Judgment reversed.